UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN D. WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-405-JD-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Justin D. Williams, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that he suffers from life-threatening allergic reactions to peanuts and shellfish. When Williams was housed at the Indiana State Prison, he notified the medical staff of his allergy, and the medical staff in turn notified custody staff and food service staff that he needed a no fish and no peanut diet. He repeatedly received trays that included peanut butter and fish, and indicates he almost died from an allergic reaction. He indicates this occurred between early 2020 and 2022, but the complaint

does not provide details regarding how often he received trays that did not comply with his dietary needs or when he suffered from an allergic reaction. The attachments included with the complaint indicate that the trays Williams received were labeled as containing no peanuts or fish, but that on several occasions the trays contained peanuts or fish despite the labels. On September 2, 2021, Williams received fish. On September 3, 2021, he received cereal that contained peanut butter. He filed a grievance and, in response to the grievance, food service was contacted and indicated the problem would be fixed. He also received peanut butter on his tray on October 11, 2021, October 26, 2021, and October 28, 2021. On February 15, 2022, Williams had an emergency reaction after eating an oatmeal cookie that he suspected contained peanut butter. He received emergency treatment, including two injections of epinephrine, and was returned to the housing unit in stable condition.

He has sued twelve separate defendants: Warden Ron Neal, Mr. Peoples (the food service director for Aramark), Gregory Sheward (General Manager for Aramark), Health Service Administrator Sherri Fritter, Health Service Quality Assurance Manger Thomas Hobbs, Sgt. Allmon, Sgt. Stovall, Sgt. Welden, Officer Oliva, Officer Pagan, Pam James, and an unidentified Major. He claims these defendants were deliberately indifferent to his medical needs because they allowed peanut butter and fish to continue to be served to him.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical

need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Williams asserts that Health Service Administrator Sherri Fritter and Health Service Quality Assurance Manager Thomas Hobbs were repeatedly notified he was being served seafood and peanut laced foods. Williams claims they allegedly disregarded his concerns, but it is clear from the attachments that Williams' allergies had been communicated to the food service department: the trays were labeled as containing no fish or peanuts. It cannot be plausibly inferred that either Fritter or Hobbs were deliberately indifferent to Williams' medical need for a specialized diet where the need was recognized, and the information had been communicated to the food services department. Williams believes they should have done more to help him, but the question before this court is whether they were deliberately indifferent to his medical needs, and the factual allegations contained in the complaint do not permit a plausible inference of deliberate indifference on the part of Fritter of Hobbs.

Williams has also sued Mr. Peoples (the food service director for Aramark), Gregory Sheward (General Manager for Aramark), and Ron Neal. He asserts that Peoples and Sheward failed to train their staff to ensure Williams received the proper food and portions. Williams also asserts that Neal failed to properly train his staff. However, failure to train and supervise claims can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). Peoples, Sheward, and Neal are not municipalities.

4

Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). The complaint, however, does not provide details about Williams' communications with Peoples or Sheward. Based on what is alleged, it cannot be plausibly inferred that Peoples or Sheward were deliberately indifferent to Williams' needs, and he therefore cannot proceed against them.

Williams claims Ron Neal was notified repeatedly by Williams and his family that he was not receiving the correct diet and therefore was unable to eat, but Neal did not do anything to help Williams. He does not provide details regarding what was communicated to Neal or when it was communicated. The medical staff at ISP had recognized that Williams had a serious allergy and conveyed that information to the food service staff. The food service staff knew Williams needed trays without fish or peanut butter, because his trays were so labeled. When Williams filed a grievance after receiving foods that he was allergic too, the food service department was notified and indicated they would fix it. These errors should not have occurred, but it cannot be plausibly inferred from Neal's knowledge that there had been problems to which he was deliberately indifferent. Furthermore, he cannot be held individually liable for the errors of his employees. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, he cannot proceed against Ron Neal.

Williams faults Sgt. Allmon, Sgt. Stovall, Sgt. Welden, Officers Oliva, Officer Pagan for continuing to serve him food he could not eat when they knew about his allergies. But these officers were merely distributing trays that were labeled as not containing fish or peanut butter. That they did not independently examine those trays in an effort to confirm they did not contain fish or peanut butter does not demonstrate deliberate indifference to Williams' dietary needs.

Similarly, Williams faults Pam Jones and an unidentified Major for failing to intervene on his behalf when they knew his dietary needs were not being met. Here Williams does not provide any details about the communications he had with Jones or the major, but the problems giving rise to this complaint appear to have originated in the kitchen, and it is unclear why Williams believes that either Jones or the unidentified major have any control over what does or does not end up on an inmate's food trays.

The complaint is short on facts, dates, and specifics. Based on what it does say, it is not plausible to infer that any defendant named here was deliberately indifferent to Williams' serious medical needs. This complaint does not state a claim for which relief can be granted. If Williams believes he can state a claim based on (and consistent with) the events described in this complaint against any defendant named here or anyone directly involved in preparing the food trays with fish or peanut butter, he may file an amended complaint. The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20)**

**Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Justin D. Williams until **November 16, 2022**, to file an amended complaint; and

(2) CAUTIONS Justin D. Williams if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 14, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT