UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN D. WILLIAMS,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-405-JD-JPK

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Justin D. Williams, a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that he suffers from life-threatening allergic reactions to peanuts and fish. When Williams was housed at the Indiana State Prison, medical staff knew about his allergy and notified food service staff that he needed a no fish and no peanut diet. In 2021 and 2022, he repeatedly received trays that included peanut butter and fish. He had twenty-one allergic reactions. Eight of those were serious or life-threatening and occurred between September 2021 and February 2022. Williams'

amended complaint names ten separate defendants: Warden Ron Neal, Wayne Peoples (the food service supervisor for Aramark), Gregory Sheward (General Manager for Aramark), Sgt. Allmon, Sgt. Stovall, Sgt. Welden, Sgt. Arnold, Officer Oliva, Officer Pagan, and Officer Winfield.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence does not constitute deliberate indifference. *Estelle*, 429 U.S. at 106.

Williams sued Peoples, Sheward, and Warden Neal because they allegedly knew what was occurring, had a duty to correct the problem, and did not take sufficient steps to ensure Williams' safety. The amended complaint shows that Williams filed a grievance in May 2021, and that it was responded to in August 2021. The response indicated that there were problems with food trays due to new staff members, but the

issue had been corrected. At that point, Williams had not yet had any serious or life-threatening allergic reactions. The amended complaint does not indicate that Warden Neal was aware of the grievance. And, while it is clear from the response to the grievance that someone in food service was made aware of Williams' complaint, it is unclear who.

Williams continued to experience problems with his food trays. Documents submitted with Williams' original complaint show he filed additional grievances in October and November of 2021. ECF 1-1 at 1-4. In response to the October grievances, Sgt. Allmon told the PDR about the issue, and the PDR said they would correct it.[1] Williams' fiancé wrote letters to Warden Neal on October 14, 2021, January 5, 2022, January 30, 2022, and February 7, 2022. ECF 10-1 at 2-5. Warden Neal responded on February 25, 2022,[2] by indicating that he was aware of Williams' medical needs, he had made Peoples aware of the problems Williams was experiencing, and that Peoples had developed a system to check every tray so that mistakes would not be made going forward. Williams reports no further problems after that date.

As already explained, supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). Both Warden Neal and Peoples became aware of Williams' problems; Sheward may have been aware

---

[1] The response to the October 2021 grievance was not provided.

[2] Williams' fiancé also references a letter she sent to Warden Neal on December 29, 2021, and a response from Warden Neal dated January 24, 2022. These letters also appear to reference problems with Williams' trays, although the specifics are unknown.

3

too. But, it cannot be plausibly inferred from the facts in the amended complaint that Neal, Peoples, or Sheward facilitated, approved, or condoned the behavior of those who were placing foods containing allergens on Williams' trays. Nor can it be said that they turned a blind eye to Williams' problems. His grievance was responded to and the problem was thought to be resolved. The letters from Williams' fiancé were also responded to, and a solution was obtained. Problems occurred, but Warden Neal, Peoples, and Sheward cannot be held individually liable for the errors or wrongful acts of their employees. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Williams may not proceed against Warden Neal, Peoples, or Sheward.

Williams also sued Sgt. Allmon, Sgt. Stovall, Sgt. Welden, Sgt. Arnold, Officer Oliva, Officer Pagan, and Officer Winfield. At some point (he does not say when), Williams was accused of assaulting Officer Winfield. Sgt. Pagan told Williams that Sgt. Arnold disliked him because of the incident. He began having problems with his food trays only after the incident that resulted in Williams being accused of the assault. At first, Williams was having problems about once a week, but the problems increased in frequency, and they only seemed to occur when Sgt. Stovall, Sgt. Allmon, Sgt. Arnold, Office Olivia, or Officer Pagan were present,

On January 29, 2022, when Williams received a tray that contained peanut butter, he alerted Officers Olivia and Pagan. He then heard Sgt. Arnold bragging about

4

tampering with Williams' food. The next day, Officers Olivia and Pagan reported to Williams that Sgt. Allmon, Sgt. Arnold, and Officer Winfield were playing with his food. Sgt. Welden and Officer Pagan reported this to the captain, but nothing was done about the situation. The amended complaint asserts that Sgt. Welden told Williams' fiancé that Sgt. Allmon, Sgt. Stovall, Sgt. Arnold, Officer Pagan, Officer Olivia, and Officer Winfield were all involved with tampering with Williams' food.

Deliberately tampering with the food of an inmate with a known food allergy by adding food that could cause a serious allergic reaction constitutes cruel and unusual punishment. Therefore, Williams will be permitted to proceed against Sgt. Allmon, Sgt. Stovall, Sgt. Arnold, Officer Pagan, Officer Olivia, and Officer Winfield.

Williams alleges that Sgt. Welden overheard Sgt. Arnold bragging about tampering with Williams' food but did not intervene to help Williams. The amended complaint also alleges that Sgt. Welden reporting the tampering to a captain. The factual allegations of the amended complaint do not permit an inference that Sgt. Welden knew of a constitutional violation and failed to intervene. Therefore, Williams will not be permitted to proceed against Sgt. Welden.

For these reasons, the court:

(1) GRANTS Justin D. Williams leave to proceed against Sgt. Allmon, Sgt. Stovall, Sgt. Arnold, Officer Pagan, Officer Olivia, and Officer Winfield in their individual capacity for compensatory and punitive damages for tampering with his food by introducing foods containing known allergens, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal, Wayne Peoples, Gregory Sheward, and Sgt. Welden;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Allmon, Sgt. Stovall, Sgt. Arnold, Officer Pagan, Officer Olivia, and Officer Winfield at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 10);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Allmon, Sgt. Stovall, Sgt. Arnold, Officer Pagan, Officer Olivia, and Officer Winfield to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 3, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT